UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY SMITH, JR.,

      Plaintiffs,

v.                Case No. 18-C-0143

CITY OF MILWAUKEE POLICE OFFICER
MELVIN FINKLEY,
CITY OF MILWAUKEE POLICE OFFICER
ADAM STAHL, and
UNNAMED AND UNKNOWN CITY OF
MILWAUKEE POLICE OFFICERS,

      Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANTS MELVIN FINKLEY AND ADAM STAHL
## TO PLAINTIFF'S SECOND AMENDED FEDERAL COMPLAINT

_____

  NOW COMES Defendants Melvin Finkley and Adam Stahl, by their attorney, Grant F. Langley, City Attorney, by Assistant City Attorney Susan E. Lappen, as and for an Answer to Plaintiff's Second Amended Federal Complaint, admit, deny, allege and state to the court as follows:

### INTRODUCTION

  1.  This is a federal civil rights action under the 4th and 14th Amendments to the Constitution of the United States and Title 42 of the United States Code, Section 1983. Plaintiff brings this action to obtain compensatory damages, punitive damages, attorneys' fees, costs and equitable relief for Plaintiff's serious personal injuries, resulting from Plaintiff being unlawfully subjected to excessive force when he was shot twice on August 31, 2017 by Defendant City of Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL. The conduct of the Defendants and the constitutional violations suffered by Plaintiff occurred as a direct result of the incident more particularly described in this Complaint.

**ANSWERING PARAGRAPH NO. 1:** Admit that Mr. Smith was shot by Officers Finkley and Stahl on August 31, 2017, but deny that Mr. Smith was unlawfully subjected to excessive force, as alleged or otherwise; deny that Mr. Smith suffered any constitutional violation, as alleged or otherwise; admit that Mr. Smith was injured as a result of being shot; assert that the remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

## JURISDICTION AND VENUE

Jurisdiction

2.  This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Title 42 of the United States Code, Section 1983. Jurisdiction of the Court is conferred by Title 28 of the United States Code, Sections 1331 and 1343(a)(3) and (4).

**ANSWERING PARAGRAPH NO. 2:** Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further.

Venue

3.  The Eastern District of Wisconsin is the proper federal venue for this action, pursuant to Title 28 of the United States Code, Section 1391 (b), because it is the judicial district where the constitutional rights violations of Plaintiff were committed.

**ANSWERING PARAGRAPH NO. 3:** Deny that Mr. Smith suffered any violation of his constitutional rights, as alleged or otherwise; assert that the remaining allegations call for legal conclusions, to which these answering defendants need not respond further.

## PARTIES

Plaintiff

4.  That Plaintiff, at all times material hereto, has been a permanent resident in the City of Milwaukee, State of Wisconsin and has attained the age of majority.

**ANSWERING PARAGRAPH NO. 4:** Upon information and belief, admit that Jerry Smith, Jr. is an adult who resided in the City of Milwaukee at the time of the subject incident; lack information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore deny the same.

Defendants

5. That Defendant MELVIN FINKLEY, at all times material hereto, was employed by the City of Milwaukee Police Department ("MPD"), who at all times pertinent, acted pursuant to State law, custom and usage, and in his individual and official capacities under Title 42 Section 1983.

**ANSWERING PARAGRAPH NO. 5:** Admit the allegations contained therein.

6. That Defendant, ADAM STAHL, at all times material hereto, was employed by the MPD, who at all times pertinent, acted pursuant to State law, custom and usage, and in his individual and official capacities under Title 42 Section 1983.

**ANSWERING PARAGRAPH NO. 6:** Admit the allegations contained therein.

**FACTS**

7. That on August 31, 2017, Defendant Unknown and Unnamed City of Milwaukee Police Officers, acting in the course of their employment, individually and/or in their official capacities, and acting under the color of State law, custom, practice and usage, that were on bicycle patrol in and about the neighborhood between Wisconsin Avenue and Well Street, between 27th Street and elsewhere.

**ANSWERING PARAGRAPH NO. 7:** Lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

8. That at approximately noon on August 31, 2017, while patrolling in and around Wells Street, Milwaukee, Wisconsin, Defendant Unknown and Unnamed City of Milwaukee Police Officers, acting in the course of their employment, individually and/or in their official capacities, and acting under the color of state law, custom, practice and usage, that did respond to an undefined altercation at or around 29th and Wells, involving what

3

appeared to be young, black males and at least one female in front of an apartment building arguing.

**ANSWERING PARAGRAPH NO. 8:** Lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

9. That upon approaching the individuals on the MPD Patrol Bicycles, the individuals began to scatter, including the Plaintiff.

**ANSWERING PARAGRAPH NO. 9:** Lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

10. That upon approaching the Plaintiff, Defendant Unknown and Unnamed City of Milwaukee Police Officers had their hand on their sidearms, causing Plaintiff to fear for his safety and flee south, pursued by the unknown and unnamed police officers, acting in their individual and official capacities, under color of state law and custom.

**ANSWERING PARAGRAPH NO. 10:** Lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

11. That Plaintiff eventually climbed stairs immediately adjacent to a single-story parking garage at 29th and Wisconsin Avenue.

**ANSWERING PARAGRAPH NO. 11:** Lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations asserted therein, and therefore deny the allegations contained therein.

12. That both Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, in the course of their employment, in their individual and official capacity, under color of state law, had their large caliber handguns drawn and pointed at the Plaintiff. Then, at that time and place, the Plaintiff was afraid, and got on top of a rooftop to absent himself from the both Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL and Defendant Unknown and Unnamed City of Milwaukee Police Officers.

**ANSWERING PARAGRAPH NO. 12:** Deny the allegations contained therein.

13. That both named Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL had a clear line of vision from the ground and could see that Plaintiff was not armed with any weapon whatsoever.

**ANSWERING PARAGRAPH NO. 13:** Deny the allegations contained therein.

14. That Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL ordered Plaintiff to turn around.

**ANSWERING PARAGRAPH NO. 14:** Deny the allegations contained therein.

15. That the Plaintiff complied with the orders of Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, and without provocation or justification, and using excessive force, said named Defendants opened fire on the Plaintiff.

**ANSWERING PARAGRAPH NO. 15:** Deny the allegations contained therein.

16. That the high caliber bullets from the handguns of Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL struck Plaintiff in the lower right quadrant of his abdomen and the right side of his head.

**ANSWERING PARAGRAPH NO. 16:** Admit the allegations contained therein.

17. That Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL never saw Plaintiff with a weapon, yet critically wounded him, causing Plaintiff life threatening injuries.

**ANSWERING PARAGRAPH NO. 17:** Admit that neither Officer Finkley nor Officer Stahl clearly saw a weapon in either of plaintiff's hands; admit that Mr. Smith was wounded by the firing of their weapons; lack information and knowledge necessary to form a belief as to whether or not any of Mr. Smith's wounds were critical, or life threatening, and therefore deny any related allegations; deny any remaining allegations.

18. That upon being shot by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL on August 31, 2017, the Plaintiff questioned said Defendants as to why they had shot him.

**ANSWERING PARAGRAPH NO. 18:** Deny the allegations contained therein.

19. That the shooting of Plaintiff by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL was witnessed and videotaped by at least one onlooker.

**ANSWERING PARAGRAPH NO. 19:** Admit the allegations contained therein.

20. That Plaintiff had no weapon and had made no threats or furtive gestures to provoke Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL to shoot him.

**ANSWERING PARAGRAPH NO. 20:** Deny the allegations contained therein.

21. That immediately after shooting the Plaintiff, Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, and Defendant Unnamed and Unknown City of Milwaukee Police Officers searched Plaintiff and his immediate area for a weapon, but recovered only a cellphone.

**ANSWERING PARAGRAPH NO. 21:** Deny the allegations contained therein.

22. That Plaintiff, having been critically wounded by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, did lay on the roof of the garage until paramedics came to his aid and subsequently transported him to the Froedtert Trauma Clinic in Milwaukee, where he underwent emergency surgery to his abdomen.

**ANSWERING PARAGRAPH NO. 22:** Lack information and knowledge necessary to form a belief as to the truth or falsity of plaintiff's assertion that he had been critically wounded, and therefore deny any related allegations; admit that Mr. Smith was wounded by Officer Finkley and Officer Stahl; upon information and belief, admit that Mr. Smith did lay on the roof of the garage, and was assisted by several officers, until paramedics came to his aid and subsequently transported him to the Froedtert Trauma Clinic in Milwaukee; upon information and belief, admit that Mr. Smith underwent emergency surgery to his abdomen; deny any remaining allegations.

23. That Plaintiff, as a result of being shot by Defendant Milwaukee Police Officers MELVIN FINKLEY and DAM STAHL, lost part of his lower intestine.

**ANSWERING PARAGRAPH NO. 23:** At this early stage of litigation, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

24. That as a result of being shot by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, Plaintiff has a large caliber bullet lodged within his pelvic region, which struck bone, causing fragments and left him partially paralyzed in his right leg, along with numbness and his ability to ambulate normally.

**ANSWERING PARAGRAPH NO. 24:** At this early stage of litigation, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

25. That on August 31, 2017, Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, and unnamed and unknown City of Milwaukee police officers, did unlawfully arrest and detain the Plaintiff, shackling Plaintiff to his Intensive Care Hospital bed, and armed Milwaukee Police officers standing 24-hour watch, and generally treated Plaintiff as a prisoner in the hospital, despite their being no charges levying [sic] against him.

**ANSWERING PARAGRAPH NO. 25:** Deny that Mr. Smith was unlawfully arrested or detained, as alleged or otherwise; deny any remaining allegations.

26. That Defendant Unknown and Unnamed City of Milwaukee Police Officers, jointly and severally, after being formally advised that counsel had been retained on behalf of Plaintiff and requesting admission to his hospital room for an attorney-client interview, did deny counsel's access to the client, together with holding Plaintiff incommunicado at the hospital. See, **Attachment "A"** annexed hereto and incorporated herein by reference.

**ANSWERING PARAGRAPH NO. 26:** At this early stage of litigation, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

27. That the unknown and unnamed Defendants, jointly and severally, did hold Plaintiff as a prisoner for a period of five (5) consecutive days, all while shackled to the hospital bed.

**ANSWERING PARAGRAPH NO. 27:** At this early stage of litigation, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

28. That Plaintiff was never charged with any criminal activity associated to [sic] the events prior to his being shot by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL on August 31, 2017.

**ANSWERING PARAGRAPH NO. 28:** Upon information and belief, admit the allegations contained therein.

29. That as a direct or proximate result of being shot by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, Plaintiff suffers and will continue to suffer past and permanent injuries of pain, mental anguish, loss of use of mobility, numbness, partial paralysis, wage loss, past and future medical treatment and therapy, and other injuries not specified herein that are currently unknown, as the effects of the physical trauma Plaintiff sustained at the hands of Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL on August 31, 2017.

**ANSWERING PARAGRAPH NO. 29:** At this early stage of litigation, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

30. That Plaintiff suffers and will likely continue to suffer Post-Traumatic Stress Disorder as a direct or proximate result of being shot by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL on August 31, 2017.

**ANSWERING PARAGRAPH NO. 30:** At this early stage of litigation, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

## CAUSES OF ACTION

### First Cause of Action
Title 42, United States Code, Section 1983 Unlawful Arrest & Detention

31. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "30" as if set forth more fully herein.

**ANSWERING PARAGRAPH NO. 31:** Reallege as if fully restated herein the above answering paragraphs.

32. That Plaintiff had a constitutionally protected right not to be unlawfully detained, arrested and shot.

**ANSWERING PARAGRAPH NO. 32:** Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further.

33. That, as set forth in the preceding paragraphs, Defendant Unknown and Unnamed City of Milwaukee Police Officers, as well as Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, unlawfully detained, arrested and shot P[sic] Plaintiff.

**ANSWERING PARAGRAPH NO. 33:** Upon information and belief, Mr. Smith was not unlawfully detained, arrested, or shot, as alleged or otherwise; deny any remaining allegations.

34. That all Defendants acted under color of state law.

**ANSWERING PARAGRAPH NO. 34:** Assert that the allegations contained therein call for legal conclusions, to which these answering defendants need not respond further.

35. That all Defendants' unlawful detention and arrest resulted in the shooting of Plaintiff.

**ANSWERING PARAGRAPH NO. 35:** Upon information and belief, Mr. Smith was not unlawfully detained, arrested, or shot, as alleged or otherwise; deny any remaining allegations.

36. The above acts and omissions of Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, and Defendant Unnamed and Unknown City of Milwaukee Police Officers, unlawful detention, arrest, and shooting of Plaintiff, were a violation of the 4th and 14th Amendments to the United States Constitution, in constituting excessive force.

**ANSWERING PARAGRAPH NO. 36:** Deny that any of Mr. Smith's constitutional rights were violated, including those established by the Fourth and Fourteen Amendments to the United States Constitution, as alleged or otherwise; deny any remaining allegations.

37. That Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, as well as Defendant Unnamed and Unknown City of Milwaukee Police Officers, maliciously and/or recklessly violated the Plaintiff's 4th, 5th, 6th and 14th Amendments to the United States Constitution [sic].

**ANSWERING PARAGRAPH NO. 37:** Deny that any representative of the Milwaukee Police Department engaged in any course of conduct which amounted to malicious or reckless disregard for the rights of Mr. Smith, as alleged or otherwise; deny that any of Mr. Smith's constitutional rights were violated, including those established by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as alleged or otherwise; deny any remaining allegations.

38. That the rights that were violated by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, as well as Defendant Unnamed and Unknown City of Milwaukee Police Officers, violated clearly established and well settled federal constitutional rights, as alleged above, justifying the award of punitive damages.

**ANSWERING PARAGRAPH NO. 38:** Deny the allegations contained therein.

## Second Cause of Action
Title 42, United States Code, Section 1983; Excessive Force

39. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "38" as if set forth more fully herein.

**ANSWERING PARAGRAPH NO. 39:** Reallege as if fully restated herein the above answering paragraphs.

40. The use of excessive force by Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, as well as Defendant Unnamed and Unknown City of Milwaukee Police Officers during plaintiff's arrest, detention and treatment in the hospital is in violation of the 4th and 14th Amendments to the United States Constitution and, therefore, Title 42 USC Section 1983.

**ANSWERING PARAGRAPH NO. 40:** Deny that Officers Finkley or Stahl used excessive force, as alleged or otherwise; upon information and belief, deny that any officer, including Officers Finkley and Stahl, violated Mr. Smith's rights under either the Fourth and Fourteenth Amendments to the United States Constitution or Title 42 USC Section 1983, as alleged or otherwise; deny any remaining allegations.

41. That Plaintiff had a constitutionally protected right not to have excessive force used against him.

**ANSWERING PARAGRAPH NO. 41:** Assert that the allegations contain therein call for legal conclusions, to which these answering defendants need not respond further.

42. That, as set forth in the preceding paragraphs, Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, as well as Defendant Unnamed and Unknown City of Milwaukee Police Officers, used excessive force against PLAINTIFF.

**ANSWERING PARAGRAPH NO. 42:** Deny that any officer, including Officers Finkley and Stahl, used excessive force against the plaintiff, as alleged or otherwise; deny any remaining allegations.

43. That Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, as well as Defendant Unnamed and Unknown City of Milwaukee Police Officers, intentionally used excessive force against Plaintiff.

**ANSWERING PARAGRAPH NO. 43:** Deny that any officer, including Officers Finkley and Stahl, used excessive force against the plaintiff, as alleged or otherwise; deny any remaining allegations.

44. That Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, as well as Defendant Unnamed and Unknown City of Milwaukee Police Officers, acted under color of state law.

**ANSWERING PARAGRAPH NO. 44:** Admit that Officers Finkley and Stahl, with regard to any action involving Mr. Smith on August 31, 2017, were acting under color of state law; regarding the "Unnamed and Unknown City of Milwaukee Police Officers," given the failure of the plaintiff to identify these officers by name, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations regarding them, and therefore deny the same; deny any remaining allegations.

45. That the use of excessive force by Defendant Milwaukee police Officers MELVIN FINKLEY and ADAM STAHL, resulted in the shooting of Plaintiff.

**ANSWERING PARAGRAPH NO. 45:** Deny that Officers Finkley or Stahl used excessive force, as alleged or otherwise; deny that any action of Officers Finkley or Stahl "resulted in the shooting of plaintiff," as alleged or otherwise; rather, affirmatively assert that Officers Finkley and Stahl fired their weapons at Mr. Smith in response to Mr. Smith's actions; deny any remaining allegations.

46. That the actions and activities of each of the above-named Defendants were malicious and/or reckless, and done with deliberate indifference, justifying an award of punitive damages as determined by the Jury.

**ANSWERING PARAGRAPH NO. 46:** Deny that any representative of the Milwaukee Police Department engaged in any course of conduct which amounted to malicious, reckless or deliberate indifference to the rights of Mr. Smith, as alleged or otherwise; deny any remaining allegations.

### Third Cause of Action
Title 42, United States Code, Section 1983 Denial of Right to Counsel

47. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs "1" through "46" as if set forth more fully herein.

**ANSWERING PARAGRAPH NO. 47:** Reallege as if fully restated herein the above answering paragraphs.

48. That the conduct and policy of the DEFENDANTS, as set forth in the preceding paragraphs, resulted in the denial of Plaintiff's right to counsel.

**ANSWERING PARAGRAPH NO. 48:** Deny that Mr. Smith's right to counsel was denied, as alleged or otherwise; deny any remaining allegations.

49. The above acts and omissions of Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, as well as Defendant unnamed and Unknown City of Milwaukee Police Officers, and each of them, constitute a course of conduct and failure to act amounting to willful, wanton and deliberate indifference to the rights, health, safety, and welfare of Plaintiff resulting in the deprivation of his constitutional rights, pursuant to the 4th, 5th, and 6th Amendments to the United States Constitution and the Due Process Clause to [sic] the United States Constitution.

**ANSWERING PARAGRAPH NO. 49:** Deny that any representative of the Milwaukee Police Department engaged in any course of conduct which amounted to willful, wanton or deliberate indifference to the rights of Mr. Smith, as alleged or otherwise; deny that any of Mr. Smith's constitutional rights were violated, including those established by the Fourth, Fifth, and Sixth Amendments to the United States Constitution or the Due Process Clause, as alleged or otherwise; deny any remaining allegations.

50. That the actions and activities of Defendant Unnamed and Unknown City of Milwaukee Police Officers, were malicious and/or reckless, and done with deliberate indifference, justifying an award of punitive damages as detem1ined by the Jury.

**ANSWERING PARAGRAPH NO. 50:** Upon information and belief, deny that any representative of the Milwaukee Police Department engaged in any course of conduct which amounted to malicious, reckless or deliberate indifference to the rights of Mr. Smith, as alleged or otherwise; deny any remaining allegations.

### Fourth Cause of Action
Title 42, United States Code, Section 1983; Due process

51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "50), as if set forth more fully herein.

**ANSWERING PARAGRAPH NO. 51:** Reallege as if fully restated herein the above answering paragraphs.

52. That Defendant Unnamed and Unknown City of Milwaukee Police Officers, as well as Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, detained Plaintiff for five (5) days after his shooting, shackling him to the hospital bed, and violated the rights of this pretrial detainee, contrary to the 4th and 14th Amendments to the United States Constitution, and the Due Process Clause of the 14th Amendment to the United States Constitution.

**ANSWERING PARAGRAPH NO. 52:** Given the failure of the plaintiff to identify the "unknown" officers by name, lack information and knowledge necessary to form a belief as to the truth or falsity of the allegations raised against them therein, and therefore deny the same; deny any allegations as against Officers Finkley and Stahl.

53. That the deliberate indifference alleged in this claim caused Plaintiff pain, suffering, anxiety, PTSD, and physical injuries due to the inhumane conditions; being guarded by the police officers, and shackled to the bed, causing additional damages as more fully alleged in the previous paragraphs.

**ANSWERING PARAGRAPH NO. 53:** Deny the allegations contained therein.

14

54. That Defendant Milwaukee Police Officers MELVIN FINKLEY and ADAM STAHL, as well as Defendant Unnamed and Unknown City of Milwaukee Police Officers, acted under color of state law within their jurisdiction, and during the course of employment, in their official and individual capacities at the time and places above-mentioned in this complaint.

**ANSWERING PARAGRAPH NO. 54:** Admit that at all times relevant to their actions regarding Mr. Smith, which occurred on August 31, 2017, Officers Finkley and Stahl acted under color of state law, and within the course of their employment, and in their official and individual capacities; as to those allegations raised against "unknown" officers, lack information and knowledge necessary to form a belief as to the truth or falsity of same, and therefore deny the same; deny any remaining allegations.

**AFFIRMATIVE DEFENSES**

AS AND FOR AFFIRMATIVE DEFENSES, defendants Melvin L. Finkley and Adam M. Stahl allege and state to the Court as follows:

1. plaintiff's complaint fails to state a claim upon which relief can be granted;

2. any City of Milwaukee police officers, supervisors or officials acted in good faith, without malice, and pursuant to their duties as law enforcement officers, and are therefore immune from liability to the plaintiff, pursuant to the doctrine of qualified immunity;

3. the actions of any City of Milwaukee employees or agents were discretionary or quasi-judicial or quasi-legislative in nature, and are therefore immune from liability regarding any state-law claims, pursuant to Wis. Stat. § 893.80; and

4. the amount of liability of the City of Milwaukee, if any, relative to any state-law claim, is limited pursuant to Wis. Stat § 893.80; and

5. upon information and belief, the plaintiff failed to file the appropriate notice/claim document(s), and consistent with Wis. Stat. § 893.80, any state-law claims are therefore barred.

**WHEREFORE**, defendants Melvin L. Finkley and Adam M. Stahl demand judgment as follows:

1. dismissing the complaint of the plaintiff as against them on its merits, together with costs and disbursements; and

2. for such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Defendants Melvin L. Finkley and Adam M. Stahl demand a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin, this 26th day of September, 2018.

>GRANT F. LANGLEY
>City Attorney
>
>
>s/Susan E. Lappen
>SUSAN E. LAPPEN
>Assistant City Attorney
>State Bar No. 01003567
>Email: slappe@milwaukee.gov
>Attorneys for Defendants
>Police Officer Melvin L. Finkley and
>Police Officer Adam M. Stahl

P.O. ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Facsimile: (414) 286-8550

1032-2018-707/252555